IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD QUALLS, Inmate No. W55388, Petitioner, | ) ) ) |
| v. | ) No. 05-10888-NMG ) ) REPLY TO MEMORANDUM IN ) OPPOSITION TO PETITION FOR |
| LOUIS RUSSO, Superintendent, Souza-Baranowski Correctional Center, Respondent. | ) WRIT OF HABEAS CORPUS ) ) ) ) |

Petitioner, Ronald Qualls, by and through his Attorney R. Bradford Bailey, respectfully replies to the Commonwealth's Opposition to Petition for Writ of Habeas Corpus as follows.

The crux of *Crawford v. Washington*, as applied to Mr. Qualls' case, involves the denial of his right to confront witnesses under the Sixth Amendment of the United States Constitution. The Commonwealth's claim that Mr. Qualls failed to exhaust his state remedies because he did not present the confrontation claim with the support of *Crawford v. Washington* cannot succeed. First, the *Crawford* case had not been decided at the time the state courts considered the confrontation clause issue, so it would have been impossible to bring a claim on those grounds. Second, the underlying argument of *Crawford* goes to the confrontation clause issue – an argument that was fairly presented in the state courts. Thus, Mr. Qualls has exhausted his state remedies because he invoked one complete round of the Massachusetts appellate review process. *See Mele v. Fitchburg District Court*, 850 F.2d 817, 820 (1st Cir. 1988) (*citing* Mass. R.A.P. 27.1(b)).

Specifically, this issue was raised in Mr. Qualls' direct appeal to the Supreme Judicial Court, and again on Petition for Rehearing. *Id.* at 823.

Moreover, even though *Crawford* had not been decided at the time of Mr. Qualls' appeal, there is no question the issue was preserved for federal habeas review because he "sufficiently alerted the state courts to the substance of the constitutional claim." *Scarpa v. DuBois*, 38 F.3d 1, 7 (1st Cir. 1994). Though specific citation to *Commonwealth v. Crawford* was absent from Mr. Qualls' state court appeals, its omission is not fatal since the confrontation claim was sufficiently covered in the state courts. Moreover, though recommended, there is no "bright line rule" that such cases be specifically cited. *See Nadworny v. Fair*, 872 F.2d 1093, 1101 & n.4 (1st Cir. 1989). "The guidelines . . . promulgated in respect to exhaustion are intended to be instructive, rather than to comprise the sole corridors through with the 'actual embodiment of fair presentment' may pass." *Scarpa v. DuBois*, 38 F.3d at 8. The argument was fairly presented to the state courts: Mr. Qualls' conviction was affirmed on appeal and his petition for rehearing to the Supreme Judicial Court was denied. The state courts had a full and fair opportunity to resolve Mr. Qualls' sixth amendment constitutional claim before they were presented to the federal courts, thus, the claim was successfully exhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because Mr. Qualls' *Crawford* argument was raised, in substance, below, this Court may proceed on his claim regarding the retroactivity of the *Crawford* case. The objection lodged against the statement admitted was based on hearsay statements and the teachings of *Crawford* should apply.[1]

>	Respectfully submitted,
>	Ronald Qualls,
>	By and through his Attorneys:
>
>	/S/ Brad Bailey
>	_____
>	Brad Bailey, BBO #549749
>	Jeffrey A. Denner, BBO #120510
>	DENNER ASSOCIATES
>	4 Longfellow Place, 35th Floor
>	Boston, MA  02114
>	(617) 227-2800

Dated:  February 22, 2006

---

[1] Mr. Qualls' argument in reference to applying *Crawford* retroactively is fully set forth in his memorandum submitted with his habeas petition.